JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2296 - (Website: www.akb.uscourts.gov)
Clerk's Office 907-271-2655 (1-800-859-8059 In-State) - Judge's Fax 907-271-2692

**Filed On
12/30/05**

In re

WALTER J. KURKA

        Debtor(s)

Case No. A05-02264-HAR
In Chapter 7

MEMORANDUM RE WAIVER OF: (1) FILING FEE; (2) PRE-FILING CREDIT COUNSELING; AND, (3) POST-FILING PERSONAL FINANCIAL MANAGEMENT INSTRUCTION

    1. WAIVER OF FILING FEE- Walter J. Kurka has filed an application for waiver of the filing fee on an official bankruptcy form,[1] which was developed to facilitate the BAPCPA filing fee waiver statute.[2] Mr. Kurka has been determined to be disabled by the Social Security Administration and appears to have a minimal monthly income – well below the poverty level.

    He qualifies for waiver of the filing fee.

    2. WAIVER OF PRE-FILING CREDIT COUNSELING- Mr. Kurka filed an official bankruptcy form when he filed his petition entitled: *Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management*.[3] This is the form used, apparently, to show a debtor either has completed a course for financial management as an "exit

---

[1] Official Bankruptcy Form B3B (10/05).

[2] 28 USC §1930(f); Interim FRBP 1006(c).

[3] Dkt 2, an Official Bankruptcy Form 23 (10/05). That form and 11 USC §727(a)(11), both refer to 11 USC § 109(h)(4) as a criteria for waiver of post-petition financial management instruction of 11 USC § 111).

ticket" or precondition to getting a discharge.[4] On the other hand, an individual debtor is supposed to file "a certificate from an approved nonprofit budget and credit counseling agency that provided debtor services under section 109(h) describing the services provided the debtor ..."[5] at the beginning of the case (this is the "entry ticket").

I suspect the debtor meant the document he filed[6] to serve as a waiver of the requirements of 11 USC § 109(h)(1), the "entry ticket," under which a debtor is generally supposed to see a credit counselor before filing a bankruptcy (subject to several exceptions based on lack of a US Trustee accredited agency,[7] exigency,[8] or incapacity, disability, or active military service in a combat zone[9]).

The cases interpreting the new "exigency" exception have been universally strict in their construction of § 109(h)(3).[10]  This exception requires a certification of exigent circumstances, giving some detail.

There have been no reported cases which I have discovered ruling on the "disability" exception under § 109(h)(4).  The definition of "disability" and "incapacity" in the section is:

> For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is

---

[4] 11 USC §§ 111, 727(a)(11).

[5] 11 USC § 521(b).

[6] Dkt 2.

[7] 11 USC § 109(h)(2).

[8] 11 USC § 109(h)(3).

[9] 11 USC § 109(h)(4).

[10] In re Talib, ___ BR ___, 2005 WL 3429224 (Bankr WD Mo 2005), *reconsideration denied*, ___ BR ___, 2005 WL 3429224 (Bankr WD Mo 2005); In re Wallert, 332 BR 884, 888-87 (Bankr D Minn 2005); In re Cleaver, 333 BR 430 (Bankr SD Ohio 2005); In re Watson, 332 BR 740 (Bankr ED Va 2005); In re Gee, 332 BR 602 (Bankr WD Mo 2005); In re Davenport, ___ BR ___, 2005 WL 3292700 (Bankr MD Fla 2005).  *See, also*, Judge MacDonald's unpublished opinion in In re Phipps, et al, 8 ABR 173 (Bankr D AK 2005).

MEMORANDUM RE WAIVER OF: (1) FILING FEE;
(2) PRE-FILING CREDIT COUNSELING; AND, (3) POST-FILING
PERSONAL FINANCIAL MANAGEMENT INSTRUCTION                                       Page 2 of 3

      incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

The court is required to make a determination of "disability" after "notice and hearing."[11] The term "notice and a hearing, or a similar phrase" is itself a defined term, and means such notice as is appropriate under the particular circumstances.[12] I have reviewed the decision of the Administrative Law Judge of the Social Security Administration, and the attached medical reports, and determine that no purpose would be served by an actual hearing in this case.

Per the ALJ, Mr. Kurka is disabled, can only perform basic tasks to get by at home, and suffers from impaired concentration. Given his dire physical, mental, and financial condition, a pre-filing credit counseling session is waived because of his disability.

3. <u>POST-FILING PERSONAL FINANCIAL MANAGEMENT INSTRUCTION</u>- For the reasons stated in section 2, Mr. Kurka shall not be required to attend post-filing financial management instruction. He may obtain his discharge in the absence of such instruction.[13]

DATED: December 30, 2005

                                    /s/ Herb Ross
                                  HERB ROSS
                              U.S. Bankruptcy Judge

<u>Serve</u>:
Debtor
Larry Compton
US Trustee
Case Manager

    12/30/05                                                      D5721

---

[11] 11 USC § 109(h)(4).

[12] 11 USC § 102(1).

[13] 11 USC §§ 111, 727(a)(11).

MEMORANDUM RE WAIVER OF: (1) FILING FEE;
(2) PRE-FILING CREDIT COUNSELING; AND, (3) POST-FILING
PERSONAL FINANCIAL MANAGEMENT INSTRUCTION                 Page 3 of 3